

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 MAR 17 PM 4:24

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL S. BENBOW, JAMES B. BASSICH AND ROBERT W. PHILLPOTT | CIVIL ACTION NO. 02-2881 |
| | SECTION A |
| VERSUS | HON. JAY ZAINEY, J. |
| ASPEN TECHNOLOGY, INC. | MAGISTRATE JUDGE: 3 |
| | HON. DANIEL E. KNOWLES, III, M.J. |

### MOTION OF PLAINTIFFS TO COMPEL DISCOVERY

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs Michael S. Benbow, et al. who move the court for an order compelling defendant Aspen Technology, Inc. to respond to discovery for the reasons set forth in the attached memorandum.

Respectfully submitted,
**TAGGART, MORTON, OGDEN, STAUB, ROUGELOT & O'BRIEN, LLC**
   Eugene G. Taggart - 12627
   Terrence G. O'Brien – 10147 – T.A.
   Melvin I. Schwartzman - 11856

By: _____
   1100 Poydras Street
   Suite 2100
   New Orleans, LA 70163-2100
   Telephone: (504) 599-8500
   Facsimile: (504) 599-8501
   **Attorneys for Plaintiffs**

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion of Plaintiffs to Compel Discovery has been served on counsel listed below this 17th day of March, 2003, by mailing said copy through the United States Postal Service, postage prepaid and addressed as follows:

>Glenn M. Farnet, Esq.
>Kean, Miller, Hawthorne, D'Armond,
>McCowan & Jarman, LLP
>One American Place
>22nd Floor
>Baton Rouge, LA 70825
>
>Justin J. Daniels, Esq.
>Skadden, Arps, Slate, Meagher & Flom LLP
>One Beacon Street
>Boston, MA 02108

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL S. BENBOW, JAMES B. BASSICH AND ROBERT W. PHILLPOTT | CIVIL ACTION NO. 02-2881 |
| | SECTION A |
| VERSUS | HON. JAY ZAINEY, J. |
| ASPEN TECHNOLOGY, INC. | MAGISTRATE JUDGE: 3 |
| | HON. DANIEL E. KNOWLES, III, M.J. |

## LOCAL RULE 37.1 CERTIFICATE

Undersigned counsel to movers certifies that counsel have conferred by telephone on January 30, 2003, for purposes of amicably resolving the issues, and counsel have been unable to agree on the applicability of the stay of discovery provided by 15 U.S.C. § 78u-4(b)(3)(B).

_____
TERRENCE G. O'BRIEN – 10147 – T.A.
**Taggart, Morton, Ogden, Staub,**
**Rougelot & O'Brien, LLC**
1100 Poydras Street
Suite 2100
New Orleans, LA 70163-2100
Telephone: (504) 599-8500
Facsimile: (504) 599-8501
Counsel for Movers,
Michael S. Benbow, et al

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL S. BENBOW, JAMES B. BASSICH AND ROBERT W. PHILLPOTT | CIVIL ACTION NO. 02-2881 |
| | SECTION A |
| VERSUS | HON. JAY ZAINEY, J. |
| ASPEN TECHNOLOGY, INC. | MAGISTRATE JUDGE: 3 |
| | HON. DANIEL E. KNOWLES, III, M.J. |

## NOTICE OF HEARING

TO: GLENN M. FARNET, ESQ.
Kean, Miller, Hawthorne, D'Armond,
McCowan & Jarman, LLP
One American Place
22nd Floor
Baton Rouge, LA 70825

**PLEASE TAKE NOTICE** that Plaintiffs' Motion to Compel Discovery will be brought for hearing before the Honorable Daniel E. Knowles, III, Magistrate Judge, at 11:00 a.m. on April 2, 2003 or as soon thereafter as the Court's docket permits.

Respectfully submitted,

**TAGGART, MORTON, OGDEN, STAUB, ROUGELOT & O'BRIEN, LLC**

Eugene G. Taggart - 12627
Terrence G. O'Brien – 10147 – T.A.
Melvin J. Schwartzman - 11856

By: _____
1100 Poydras Street
Suite 2100
New Orleans, LA 70163-2100
Telephone: (504) 599-8500
Facsimile: (504) 599-8501
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Hearing has been served on counsel listed below this 17th day of March, 2003, by mailing said copy through the United States Postal Service, postage prepaid and addressed as follows:

Glenn M. Farnet, Esq.
Kean, Miller, Hawthorne, D'Armond,
McCowan & Jarman, LLP
One American Place
22nd Floor
Baton Rouge, LA 70825

Justin J. Daniels, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108

_____

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL S. BENBOW, JAMES B. BASSICH AND ROBERT W. PHILLPOTT | CIVIL ACTION NO. 02-2881 |
| | SECTION A |
| VERSUS | HON. JAY ZAINEY, J. |
| ASPEN TECHNOLOGY, INC. | MAGISTRATE JUDGE: 3 |
| | HON. DANIEL E. KNOWLES, III, M.J. |

### MEMORANDUM OF PLAINTIFFS IN SUPPORT OF MOTION TO COMPEL DISCOVERY

**MAY IT PLEASE THE COURT:**

Plaintiffs Michael S. Benbow, et al ("Plaintiffs") seek an Order from the Court compelling the defendant, Aspen Technology, Inc. ("Aspen") to respond to discovery. Plaintiffs' suit seeks damages for violations of federal securities law, and for intentional and negligent misrepresentations and breaches of contract cognizable under state law.

Plaintiffs filed suit on June 17, 2002 in state court, and Plaintiffs' petition was removed to this Court on September 18, 2002. On November 15, 2002, Aspen made limited disclosures pursuant to F.R.C.P. 26(a)(1), asserting that it could not do more because Plaintiffs' state court petition was vague. On November 20, 2002, Magistrate Judge Wilkinson ordered Plaintiffs to file a more definite statement in the form of an amended complaint. On November 21, 2002, a

preliminary pretrial conference was held, and the Court established, *inter alia*, April 23, 2003, as the date for submission of expert reports by Plaintiffs and a discovery cutoff of June 23, 2003.

On November 27, 2002, Plaintiffs filed an amended complaint. On December 11, 2003, Aspen filed an unopposed motion for an extension of time to respond to the amended complaint. On December 19, 2002, Plaintiffs served Aspen with Plaintiffs' First Set of Interrogatories and First Set of Requests for Production of Documents. Aspen has not responded to these discovery requests, and they are the subject of the instant motion. They are attached hereto as Exhibit "A."

On December 20, 2002, Aspen filed a motion to dismiss the amended complaint alleging, *inter alia*, that Plaintiffs' allegations as to violations of federal securities law were insufficient under the Private Securities Litigation Reform Act of 1995. Aspen's motion was set for hearing on January 29, 2003. Plaintiffs filed an opposition to Aspen's motion, and the Court has not yet ruled on this motion.

On January 30, 2003, the parties conferred concerning Plaintiffs' discovery requests, and Aspen took the position that it would not respond to any discovery while its motion was pending, relying on 15 U.S.C. § 78u-4(b)(3)(B), which provides:

> In any private action arising under this Chapter, all discovery and other proceedings shall be stayed during the pending of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to any party.

Plaintiffs state that while one of their claims is subject to the Private Securities Litigation Reform Act, their other claims, specifically their state law misrepresentation claims and breach of contract action, do not. Discovery as to these claims is not stayed. Plaintiffs have already responded to Aspen's motion to dismiss and will not use discovery to defeat this motion. *Cf. Lapicola v. Alternative Dual Fuels, Inc.*, 2002 U.S. Dist. Lexis 5941 (N.D. Tex., Dallas Div.

2

April 15, 2002). Further, Plaintiffs' discovery requests are not burdensome and are particularized. Responses are necessary to prevent undue prejudice to Plaintiffs in light of the pretrial schedule established by the Court. Accordingly, Plaintiffs ask that the Court order Aspen to respond to discovery.

Respectfully submitted,<br>
TAGGART, MORTON, OGDEN, STAUB,<br>
ROUGELOT & O'BRIEN, LLC<br>
Eugene G. Taggart - 12627<br>
Terrence G. O'Brien - 10147 – T.A.<br>
Melvin J. Schwartzman - 11856

By: _____

1100 Poydras Street
Suite 2100
New Orleans, LA 70163-2100
Telephone: (504) 599-8500
Facsimile: (504) 599-8501
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum of Plaintiffs in Support of Motion to Compel Discovery has been served on counsel listed below this 17th day of March, 2003, by mailing said copy through the United States Postal Service, postage prepaid and addressed as follows:

Glenn M. Farnet, Esq.
Kean, Miller, Hawthorne, D'Armond,
McCowan & Jarman, LLP
One American Place
22nd Floor
Baton Rouge, LA 70825

Justin J. Daniels, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108

3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL S. BENBOW, JAMES B. BASSICH AND ROBERT W. PHILLPOTT | CIVIL ACTION NO. 02-2881 |
| | SECTION A |
| VERSUS | HON. JAY ZAINEY, J. |
| ASPEN TECHNOLOGY, INC. | MAGISTRATE JUDGE: 2 |
| | HON. JOSEPH C. WILKINSON, JR., M.J. |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Michael S. Benbow, et al ("Plaintiffs"), through undersigned counsel, propound the following Interrogatories and Requests for Production of Documents upon defendant, Aspen Technology, Inc. ("Aspen"), for a response under oath and in the manner and within the delays required by the Federal Rules of Civil Procedure:

### DEFINITIONS

The following definitions apply for the purposes of responding to these Interrogatories and Requests for Production of Documents:



1. The terms "Aspen" and "you" shall mean and refer to: Aspen Technology, Inc.; all parent, subsidiary, predecessor, member, affiliated or related companies of Aspen Technology, Inc. since January 1, 2001; and, the present or former directors, officers, employees, agents and attorneys of any such corporation.

2. The term "relate to," including its various forms such as "relating to," shall mean consisting of, embodying, reflecting, referring to, involving, regarding, or in any way being logically or factually connected with the matter.

3. The terms "identify" and "identity" with relation to a document shall mean to provide a full description of the document, including without limitation its nature (i.e., letter, witness statement, contract, memorandum, etc.), author, addressee, date, number of pages, subject matter, present location and present custodian.

4. The terms "identify" and "identity" with relation to a person shall mean the full name of the person, his address, telephone number, employer and position held with his employer. As to any request to "identify" any employee or agent of Aspen, please state the title(s), duration of employment and responsibilities of each such person.

5. The terms "document" and "documents" shall be used in the broadest sense and shall mean and include, but shall not be limited to, the following: (a) any writing of any kind, nature and character, whether handwritten, typed, printed or capable of derivation or retrieval from any electronically or computer stored information; (b) any data or information capable of derivation or retrieval from any electronically or computer stored information; (c) any original and any non-identical copy of any original, whether different from the original by reason of any notation made on any such copy or otherwise; (d) any written, printed, typed, recorded or graphic

matter or thing of any kind or description, and all attachments and appendices thereto; (e) any accounting record, affidavit, agreement, appointment book, appraisal, article, book, brochure, calendar, certificate, chart, check, chronicle, contract, communication, compromise, computer data, computer disk, computer printouts, correspondence, counter-letter, deed, diagram, diary, diary entry, financial statement, government document, graph, interoffice communication, intraoffice communication, journal, ledger, letter, logbook, magazine, manual, map, memorandum, message, notation of any conversation, notes, pamphlet, plat, pleading, promissory note, publication, receipt, record, register, report, resolution, settlement, statement, study, summary, survey, tax return, telegram, telex message, telecopier message, title, transcript of testimony, trust instrument, witness statements, word processor data, work processor disk and worksheet; and, (f) any draft, alteration, modification, change or amendment to any of the documents listed above.

6.  The terms "and" and "or," as used herein, in the definitions, instructions and requests, shall be construed either conjunctively or disjunctively as required by the context, to bring within the scope of the request any information which might be deemed outside its scope by another construction.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  Identify and produce all communications between Aspen and the Securities and Exchange Commission ("SEC"), between January 1, 2001 and December 31, 2002.

2.  Identify and produce all documents that relate to the acquisition of Coppermine LLC and/or the PAI Business of Coppermine LLC by Aspen.

3. Identify and produce all Registration Rights Agreements or similar agreements entered into by Aspen Technology, Inc.

4. Identify and produce all SEC Forms S-3 filed by Aspen and for each state the date it was filed, whether it was made effective, and the date it was made effective.

5. Identify the person(s) at Aspen Technology, Inc. who determined on June 15, 2001, that there were no facts that would form the basis of a good faith determination by its Board of Directors to delay filing the initial registration of the stock issued to plaintiffs, and identify and produce all documents that relate to this determination.

6. Identify the person(s) at Aspen Technology, Inc. who determined that Aspen was eligible on June 15, 2001 to use Form S-3, and identify and produce all documents that relate to this determination.

7. Identify and produce all documents that relate to the Form S-3 filed on June 15, 2001.

8. Identify the person(s) at Aspen Technology, Inc. who determined on or before November 12, 2001, that Aspen was not eligible to use Form S-3, and identify and produce all documents that relate to this determination.

9. Identify and produce all documents that relate to the resolution of Aspen's Board of Directors of August 15, 2001 to suspend all activities relating to the Registration Statement filed on June 15, 2001.

10. Did Aspen rely on the advice of counsel to the effect that it could suspend all activities relating to the Registration Statement filed on June 15, 2001, without breaching its obligations under the Registration Rights Agreement it entered into on June 15, 2001? If so, identify the counsel and state whether the advice was in writing.

11. Identify and produce all documents that relate to the Form S-3 filed on November 26, 2001.

12. Identify the individuals at Arthur Anderson LLP who provided advice to Aspen relating to the Forms S-3 filed on June 15, 2001 and November 26, 2001.

                                                             **TAGGART, MORTON, OGDEN, STAUB, ROUGELOT & O'BRIEN, LLC**

                                                             Eugene G. Taggart - 12627
                                                             Terrence G. O'Brien, T.A. – 10147
                                                             Melvin I. Schwartzman - 11856

By: _____

                                                            1100 Poydras Street
                                                           Suite 2100
                                                           New Orleans, LA 70163-2100
                                                           Telephone: (504) 599-8500
                                                           Facsimile: (504) 599-8501

                                                           **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiffs' First Set of Interrogatories and First Set of Requests for Production of Documents has been served upon the following counsel of record by mailing same through the U.S. Mails, postage prepaid:

New Orleans, Louisiana this 19th day of December, 2002.

> Mr. Glenn M. Farnet
> Kean, Miller, Hawthorne, D'Armond,
> McCowan & Jarman, LLP
> One American Place
> 22nd Floor
> Baton Rouge, LA 70825
>
> Mr. Justin J. Daniels
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Beacon Street
> Boston, MA 02108