FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 APR 11  PM 1: 49

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL S. BENBOW, ET AL                    CIVIL ACTION

VERSUS                                       NO. 02-2881

ASPEN TECHNOLOGY, INC.                       SECTION "A" (3)

### MEMORANDUM RULING

Plaintiffs' Motion to Compel Discovery (Rec. Doc. No. 23) came on for hearing before the undersigned on Wednesday, April 9, 2003. Defendant Aspen Technology, Inc. ("Aspen") filed formal opposition to which the defendant filed a formal reply. Having considered the memoranda, the argument of counsel and the applicable law, the Court denies the plaintiffs' motion to compel for the following reasons.

### BACKGROUND

Initially, plaintiffs filed suit in state court against Aspen pursuant to Federal securities law and state law, claiming that it lured the plaintiffs into selling it a computer software company by making fraudulent misrepresentations that its securities would be immediately registered by the Securities and Exchange Commission ("SEC"), and thus, immediately marketable. Aspen removed the matter to this Court on the basis of federal question and diversity jurisdiction. The

DATE OF ENTRY
APR 11 2003

__Fee_____
__Process___
_X_/Dktd_CtRmD__
_/_CtRmDep___
__Doc. No. 28__

defendant filed a motion for more definite statement,[1] the Court entered a scheduling order,[2] and plaintiffs filed a Supplemental and Amended Complaint.[3] Thereafter on December 20, 2002, Aspen filed a Motion to Dismiss Plaintiffs' Supplemental and Amended Complaint premised upon lack of standing, failure to sufficiently allege scienter, and failure to sufficiently allege detrimental reliance, *inter alia*.[4] Aspen's motion to dismiss is presently under submission pending determination by the district judge.

## CONTENTIONS OF THE PARTIES

Plaintiffs recognize that their claim pursuant to Federal securities laws is subject to the automatic stay of discovery provided by 15 U.S.C. § 78u-4(b)(3)(B) of the PSLRA while Aspen's Motion to Dismiss remains pending. However, plaintiffs argue that their state law claims of fraudulent/negligent misrepresentation and breach of contract are not subject to the PSLRA's provision for automatic stay, and that discovery pertinent their state law claims may proceed. Plaintiffs cite the *Lapicola v. Alternative Dual Fuels, Inc.*, 2002 WL 531545 (N. D. Tex April 5, 2001) (Kaplan, M.J.) and argue that they have already responded to the motion to dismiss, the matter is under submission, and thus, discovery relative to their state law claims

---

[1] *See* Defendant's Motion for More Definite Statement filed October 17, 2002 [Rec. Doc. No. 4]; Order dated November 20, 2002 (granting Aspen's Motion for More Definite Statement [Rec. Doc. No. 10].

[2] *See* Scheduling Order dated November 19, 2002 [Rec. Doc. No. 19].

[3] *See* Plaintiffs' Amended Complaint filed November 27, 2002 [Rec. Doc. No. 12].

[4] *See* Aspen's Motion and Memorandum in Support of Motion to Dismiss and Aspen's Reply filed January 31, 2003 (*citing* the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 7 and *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 406 (5th Cir 2001) for the proposition that Congress passed the PSLRA for the purpose of preventing the abuse of federal securities laws by private plaintiffs) [Rec. Doc. Nos. 16 and 22].

cannot be used to defeat Aspen's motion to dismiss. Moreover, plaintiffs submit that their requests are particularized and responses are necessary to prevent undue prejudice. In support of their claim of undue prejudice, plaintiffs refer to the pretrial scheduling order which sets an expert report deadline of April 23, 2003, a discovery deadline of June 23, 2003, and an August 4, 2003 trial date.

For its part, Aspen highlights that plaintiffs' state law claims parrot their federal counterparts inasmuch as the federal and state claims arise out of precisely the same conduct. Aspen submits that the plaintiffs' lawsuit is the type of baseless litigation that Congress sought to curtail by enacting the PSLRA and that one of the legislation's procedural barriers is the "Stay of Discovery Provision." The defendant contends that this is not an exceptional case involving particularized discovery necessary to preserve evidence or to prevent undue prejudice, and thus, its motion to dismiss triggers imposition of the stay all discovery. *See* 15 U.S.C. § 77z-1(b)(1) and 78u-4(b)(3)(B). Aspen notes that the discovery requests propounded on December 19, 2001, prior to the filing of plaintiff's motion to dismiss, are hardly particularized, but rather contemplate the plaintiffs' state and federal claims, which arise out of a common set of facts. Aspen's position is that the plaintiffs' motion to compel discovery with regard to their state law claims is tantamount to an "end run" around the PSLRA's automatic stay provision.

## ANALYSIS

The relevant section of the PSLRA provides that:

> In any private litigation arising under this chapter, *all discovery* and *other proceedings* shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent *undue prejudice* to that party.

3

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). The § 78u-4(b)(3)(B) automatic stay is clearly triggered in the circumstances, where there is (1) a private action, (2) which arises under Chapter 2B of the 1934 Securities Act, and (3) in which a motion to dismiss is pending. All three requirements of the statute are met in this case, and thus, the filing of Aspen's motion to dismiss on December 20, 2002 triggered the imposition of § 78u-4(b)(3)(B)'s automatic stay.

The sole issue before the undersigned is whether *discovery at issue regarding the plaintiffs' state law claims* are stayed. The Court observes that in addition to staying *all discovery*, the quoted language of the provision clearly contemplates a stay of *other proceedings*.

In *Newby v. Enron Corporation*, 188 F. Supp. 2d 684 (S.D. Tex. 2002), Judge Rosenthal observed that:

> [D]iscovery is stayed from the filing of the complaint *until* the court has determined the sufficiency of the plaintiff's pleading, unless the plaintiff can establish one of the exceptions. *See* S. Rep. 104-94, at 14 (1995), *reprinted in* 1995 U.S.S.C.A.N. 679, 693 (discovery should "be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint"); *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 681 (D. Md. 2000) ("Until the opportunity to test the sufficiency of the complaint has passed, the congressional intent in clear – no discovery should commence.").

*Id.* at 709 (emphasis in original).

Indeed, the Securities Litigation Uniform Standard Act of 1998 provides, in part that:

> [A] court may stay discovery proceedings in any private action in State court, as is necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in action subject to a stay of discovery pursuant to this paragraph.

15 U.S.C. § 78u-4(b)(3)(D). The legislative history of the above-quoted section indicates that Congress enacted § 78u-4(b)(3)(D) as a tool to be used as necessary to stay proceedings/discovery in *state court* used to circumvent the automatic stay provisions of the

4

PSLRA. House Report 105-640 explains that:

> [Section 78u-4(b)(3)(D)] amends Section 27(b) of the Securities Act of 1933 to include a provision to prevent plaintiffs from circumventing the stay of discovery under the Reform Act by using State court discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, to protect or effectuate its judgments .... Because circumvention of the stay of discovery of the Reform Act is a key abuse that this litigation is designed to prevent, the Committee intends that the courts use this provision liberally, so that the preservation of the State court jurisdiction of limited individual securities fraud claims does not become a loophole through which the trial bar can engage in discovery not subject to the stay of the Reform Act.

H. R. Rep. 105-640. Reading § 78u-4(b)(3)(B) and § 78u-4(b)(3)(D) *in pari materia* compels the conclusion that the former, contemplates a stay of <u>all</u> discovery and *other proceedings* in the federal court during the pendency of a motion to dismiss. In the case of a class action, § 78u-4(b)(3)(D) provides the contingency available for liberal use as necessary to reach out and enjoin parallel state court proceedings used to circumvent the former provision (*i.e.*, § 78u-4(b)(3)(B)'s automatic stay).

The Court is not persuaded by the argument that the automatic stay operates unfairly in this instance because it effectively penalizes the plaintiffs for alleging a federal securities law claim in conjunction with their state law claims. It is true that had plaintiffs chosen to forego filing a federal securities law claim and to proceed solely with their state law claims, the PSLRA, by its own terms, would not apply and there would be no automatic stay of discovery in this case. However, plaintiffs chose to invoke the Act and claim a violation of federal securities laws, and therefore, plaintiffs necessarily subject themselves to the dictates of the PSLRA.

This Court finds nothing in the text of the statute or its legislative history, that suggests that Congress intended to except federal securities actions in which there happens to be both

5

diversity of citizenship and pendent state law claims. To the contrary, "[l]egislative history indicates that the purpose of the PSLRA is to shield parties from baseless lawsuits and prevent plaintiffs from filing frivolous lawsuits with the aim of conducting discovery with the hope of finding a sustainable claim."[5]

The Court now turns to plaintiffs' argument the automatic stay provision has no application in this relatively uncomplicated lawsuit involving individual private litigation. Essentially plaintiffs contend that because this is not a consolidation of uniquely massive proportion or complex class action litigation, the PSLRA's stay provision, the purpose of which was diffuse the abuses attendant to complex federal securities litigation of class action proportion, is not applicable to the instant private litigation. Although class action litigation was one of Congress' concerns in enacting the PSLRA, the text does not support plaintiffs' interpretation. For instance, subsection 21D(a) (*i.e.*, 15 U.S.C. § 78u-4(a)) of the PSLRA is specifically limited to class actions. However, subsection 21D(b) contains no such limitation. "It is generally presumed that Congress acts intentionally and purposefully when it includes particular language in one section of a statute but omits it in another,"[6] and therefore, plaintiffs' suggestion that the automatic stay provision of subsection 21D(b) should not apply here because this case does not involve either complex or class action litigation must be rejected. Moreover, the observations of the district judge in *In re: Initial Public Offering Securities Litigation*, 236 F. Supp. 2d 286 (S. D. N. Y. 2002) are on point, to wit:

---

[5]*In re CFS-Related Securities Fraud Litigation*, 2003 WL 546680 (N. D. Ok. February 18, 2003).

[6]*See Peavy v. WFAA -TV, Inc.*, 221 F.3d 158, 169 (5th Cir. 2000) (*quoting BFP v. Resolution Trust Corporation*, 511 U.S. 531, 537 (1994)) (internal quotation marks omitted).

> [N]othing in the language of the PSLRA or its legislative history supports giving more weight to the delay inherent in the automatic provision because the case is unusually complex. It is well-known that securities actions vary in size from small lawsuits to large consolidations and that motions to dismiss might not be resolved for many months, or years, after the initial complaint is filed. Congress could have enacted a law that considered the amount of delay and the size of the litigation when determining whether a stay of discovery should be imposed. But Congress did not enact such a law and it is beyond the authority of this Court to rewrite the statute in order to take such policy considerations into account. *See Artuz v. Bennett*, 531 U.S. 4, 10 (2000) ("Whatever merits these and other policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them.").

*In re: Initial Public Offering*, 236 F. Supp. 2d at 287.

Although plaintiffs characterize their discovery requests as particularized, a review of the record reveals that the discovery was propounded prior to the filing of the defendant's Motion to Dismiss, and thus, constitutes general discovery addressing all of the plaintiffs' claims against Aspen (*i.e.*, state and federal claims). Plaintiffs' motion does not list any specific discovery items or categories of discovery that are in danger of being destroyed or that must be produced in order to prevent undue prejudice. Review of the plaintiffs' Supplemental and Amending Complaint reveals that the facts underlying the plaintiffs' state law claims similarly constitute the *res gestae* of the federal securities' law violation alleged against Aspen. Currently, the district judge is in the midst of determining the sufficiency of the core allegations of securities fraud in this case, *inter alia*. In the absence of an exception to the automatic stay provision, all discovery and other proceedings are stayed as a matter of law until the Court determines whether the plaintiffs' pleadings pass PSLRA muster. The purpose of the PSLRA is, in part, to prevent the defendant from incurring any discovery costs until there has been a judicial determination of the

7

sufficiency of the pleadings.[7]

Addressing the exceptions to § 78u-4(b)(3)(B)'s automatic stay, the court in *Sarantakis v. Frank Dominic Gruttadauria,* 2002 WL 1803750 (N. D. Ill. August 5, 2002) aptly characterized "undue prejudice" and "particularized discovery," as follows:

> "Undue prejudice" has been defined as "'improper or unfair treatment' amounting to something less than irreparable harm.'" *Vacold LLC v Cerami,* 2001 WL 167704, at * 6 (S. D. N. Y. February 16, 2001) (*quoting Med. Imaging Ctrs. of Am., Inc. v. Lichenstein,* 917 F. Supp. 717, 720 (S. D. Cal. 1996)). "Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair." *In re CFS,* 179 F. Supp. 2d 1260, 1265 (N. D. Okla. 2001). Undue prejudice has been found "where defendants might be shielded from liability in the absence of the requested discovery." *Vacold,* 2001 WL 167704, at * 6; *see In re CFS,* 179 F. Supp. 2d at 1266-67; *see also Global Intellicom, Inc. v. Thomson Kernaghan & Co.,* 99 CIV 342, 1999 WL 223158, at * 1-2 (S. D. N. Y. April 16, 1999) (allowing the plaintiff corporation to obtain discovery related to the defendant's efforts to take over the plaintiff, because those actions, if successful, would moot the plaintiff's lawsuit).
> Even if exceptional circumstances exist, the movant must also show that particularized discovery is necessary to remedy a problem. General requests to open all discovery do not satisfy this burden.

*Sarantakis,* 2002 WL 1803750 at * 1- 2.[8]

The plaintiffs in this case rely primarily on several district court cases in which the automatic stay was lifted, to wit: *Lapicola v. Alternative Dual Fuels, Inc.,* 2002 WL 531545 (N. D. Tex.), *Tobias Holdings, Inc. v. Bank United Corp.,* 177 F. Supp. 2d 162 (S. D. N. Y. 2001), and *Fazio v. Lehman Bros., Inc.,* 2002 U.S. Dist. Lexis 15157 ( N. D. Ohio May 16, 2002). The

---

[7]*See, e. g., In Re CFS,* 2003 WL 546680 at * 11.

[8]*See also In re: CFS-Related Securities Fraud Litigation,* 179 F. Supp. 2d at 1265 (Simple delay inherent in the PSLRA's discovery stay "is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including the plaintiff's need to collect and preserve evidence.").

Court has reviewed these cases and find them unpersuasive.

Specifically, *Lapicola* is inapposite both factually and *sub judice*. The issue presented in *Lapicola* was the applicability of § 78u-4(b)(3)(D) to private individual lawsuits brought in state court. Moreover, unlike the case at bar, because the plaintiffs' state law claims pending in state court did not mirror the federal securities' claim pending in federal court, the court refused to stay proceedings in the parallel state court proceeding. *Lapicola,* 2002 WL 531545 at * 1.[9]

Assuming *arguendo* that the rationale underpinning the holding of the *Tobias Holdings* case stands on firm ground, the decision does not support plaintiffs' argument under the circumstances of this particular case. *Tobias Holdings* stands for the proposition that § 78u-4(b)(3)(B)'s stay provision does not apply to *distinct* state law claims with their own jurisdictional basis (diversity jurisdiction). *Tobias Holdings,* 177 F. Supp. 2d at 166-67. It is apparent that, in large part, the court's decision turned upon the fact that the plaintiff's state law claims were distinct from and not merely state analogs to the plaintiff's alleged federal securities violations.

The *Fazio* case appears to be in conflict with the overwhelming majority view. Moreover, the decision ignores the clear and precise language of the statute, which requires stay of all discovery and other proceedings pending the determination of the sufficiency of the plaintiff's pleadings, permitting only particularized discovery, and then, only after a showing of exceptional circumstances.

---

[9] *See also Newby v. Enron Corporation,* 2002 WL 1001056 * 2-3 (S. D. Tex. May 1, 2002) (rejecting the rationale of the court in *Lapicola*, and finding the Eighth Circuit's decision in *In re Bankamerica Corporation Securities Litigation,* 263 F.3d 795, 802-03 (8th Cir. 2001) to be the better reasoned approach).

9

## CONCLUSION

It is clear that plaintiffs' claims, state and federal, arise from precisely the same factual circumstances, and therefore require the same discovery generally. Thus, lifting the mandatory stay as to the closely related if not substantially similar State claims would be tantamount to lifting the stay as to the federal securities claim. There is nothing in either the legislative history or the text of the PSLRA that suggests Congress intended to exempt federal securities actions in which there happens to be diversity of citizenship complementing plaintiffs' state law claims. Plaintiffs have failed to demonstrate that the outstanding discovery is anything other than general discovery applicable to all of their claims against Aspen, as opposed to particularized discovery purposefully aimed at eliminating a problem in proof created by the automatic stay. Finally, plaintiffs have not articulated any prejudice, aside from that which is inherent in the fact that the PSLRA imposes a stay in this case (*i.e.*, simple delay). In the absence of exceptional circumstances, plaintiff's have failed demonstrate that they will suffer any *undue* prejudice.

Accordingly and for all of the foregoing reasons, (1) plaintiffs' motion to compel discovery is DENIED since all discovery and other proceedings are STAYED pending the resolution of the defendant's Motion to Dismiss and (2) defendant's request for fees and costs is DENIED.

**IT IS SO ORDERED.**

New Orleans, Louisiana this 11 day of April, 2003.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**